ELIZABETH D. DE LANCEY, Respondent, *v.* HENRY PIEPGRAS, Appellant, Impleaded with JOHN HUNTER, Respondent.

*Judgment — amended nunc pro tunc— Code, §§ 721, 722, 723 — judgment for the possession of land includes structures wrongfully erected thereon.*

A judgment of the Supreme Court had been modified by the Court of Appeals so as to conform to the conditions contained in a certain grant, and the modification had been made in substance in the judgment of the Supreme Court so as to make that judgment conform to the decision of the Court of Appeals, and an execution had been issued thereon for the recovery of the possession of certain real estate; thereafter the person against whom the judgment was recovered applied to the Supreme Court to have inserted in the judgment the very words of the conditions contained in such grant, and such amendment was directed to be made *nunc pro tunc.*

*Held,* that such amendment was within the power of the court.   (Code, §§ 721, 722, 723.)

A judgment to recover the possession of land embraces all structures wrongfully erected upon it.

APPEAL by the defendant, Henry Piepgras, from so much of an order of the Supreme Court, made at the Kings County Special Term on the 17th day of July, 1893, and entered in the office of the clerk of the county of Westchester, as refuses to set aside an execution issued by the plaintiff and the defendant Hunter, directs the modification of such execution, and refuses to set aside the proceedings of the sheriff in delivering the possession of certain premises to the plaintiff and the defendant Hunter.

*Geo. A. Black,* for Piepgras, appellant.

*Walter D. Edmonds,* for plaintiff, respondent.

*John Hunter, Jr.,* for defendant Hunter, respondent.

BARNARD, P. J.:

Judgment was entered in this action on the 19th of June, 1891. The Court of Appeals had modified the judgment of the Supreme Court so as to conform to the conditions contained in the grant from George III, King of Great Britain, by Robert Monckton, Captain General, to Benjamin Palmer, May 27, 1683. Before the entry of judgment the modification was made, in substance, so as to conform to the decision of the Court of Appeals, and an execution was issued on the 24th of June, 1893, for the recovery of the possession of the premises. Subsequent to the issue of the execution, the defendant Piepgras applied to the court to insert the very words of the conditions in the Palmer grant, but directed the amendment to be made *nunc pro tunc* as of the date of the entry of judgment. There is nothing in the judgment, as modified, which will permit the defendant Piepgras to keep possession of a dock and other structures erected upon the plaintiff's land. A judgment to recover possession of plaintiff's land takes all structures wrongfully erected upon it. An action of ejectment would be of no use if such structures had any influence upon the question of the title, which alone fixes the rights of the parties.

The amendment was within the power of the court. (Code, §§ 721, 722, 723.)

The order should, therefore, be affirmed, with costs.

PRATT, J., concurred.

Order refusing motion to vacate lien August 3, 1893, affirmed, with costs and disbursements.